**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEARNING RESOURCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  19-cv-00660 |
| | ) | |
| PLAYGO TOYS ENTERPRISES LTD, | ) | JURY TRIAL DEMANDED |
| SAM'S WEST, INC., SAM'S EAST, | ) | |
| INC., JET.COM, and WALMART INC. | ) | |
| Defendants. | ) | |
| | ) | |

## <u>COMPLAINT</u>

Plaintiff Learning Resources, Inc. ("Learning Resources") complains against Defendants Playgo Toys Enterprises Limited ("Playgo"), Sam's West, Inc., Sam's East, Inc. (Sam's West, Inc., and Sam's East, Inc. are collectively referred to as "Sam's Club"), Jet.Com, Inc. ("Jet.Com"), and Walmart Inc. ("Walmart") (Playgo, Sam's Club, Jet.Com, and Walmart are collectively referred to as "Defendants") as follows:

### *Nature of the Case*

1.      Learning Resources develops, makes, and sells award-winning educational products, including play food sets and other play and learning activity sets.  Sam's Club, Jet.Com, and Walmart have conspired with Playgo to copy Learning Resources' original play food designs and their sale of the copied play food constitutes willful infringement of Learning Resources' copyrights in its play food products.

2.      In 2016, Learning Resources presented some of its play food sets to Sam's Club in the hopes that Sam's Club would carry them as part of Sam's Club's fall 2017 line.  After considering the play food samples and quotes that Learning Resources provided, Sam's Club

demanded that Learning Resources reduce its prices.  When Learning Resources was unable to meet Sam's Club's pricing demands, Sam's Club dropped Learning Resources' play food from consideration for its 2017 line.  The same thing happened again in the fall of 2017 when Sam's Club requested play food samples and quotes from Learning Resources for its 2018 Holiday line and then decided not to carry Learning Resources' play food after requesting lower prices.  Thereafter, Playgo, Sam's Club, Jet.Com and Walmart began selling play food developed by Playgo that is copied from Learning Resources' play food without authorization.

3.      The play food sold by Defendants is so similar to Learning Resources' play food that Defendants' conduct can reasonably only be explained as willful infringement of Learning Resources' copyrights in its play food items.

*The Parties*

4.      Plaintiff Learning Resources is a corporation duly organized and existing under the laws of the State of Illinois.  Learning Resources has its principal place of business at 380 North Fairway Drive, Vernon Hills, Illinois.

5.      On information and belief, Defendant Playgo is a foreign company with its principal place of business at 12th Floor, Tower 1, South Seas Centre, 75 Mody Road, Tsim Sha Tsui East, Kowloon, Hong Kong, China.

6.      On information and belief, Defendant Sam's West, Inc., is a corporation organized and existing under the laws of the State of Arkansas and is a wholly-owned subsidiary of Walmart.  Sam's West, Inc., has its principal place of business in Bentonville, Arkansas.

7.      On information and belief, Defendant Sam's East, Inc., is a corporation organized and existing under the laws of the State of Arkansas and is a wholly-owned subsidiary of Walmart.  Sam's East, Inc., has its principal place of business in Bentonville, Arkansas.

8.      On information and belief, Defendant Jet.Com is an e-commerce company organized and existing under the laws of the State of Delaware and is a wholly-owned subsidiary of Walmart.  Jet.Com has its principal place of business in Hoboken, New Jersey.

9.      On information and belief, Defendant Walmart is a corporation organized and existing under the laws of the State of Arkansas.  Walmart has its principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas.

### *Jurisdiction and Venue*

10.      This action arises under the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

11.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

12.      This Court has personal jurisdiction over Defendant Playgo because, on information and belief, Playgo regularly places its products into the stream of commerce to be sold by retailers throughout the United States, including within this judicial district.

13.      This Court has personal jurisdiction over Defendant Sam's West, Inc. because, on information and belief, Sam's West, Inc. regularly conducts business within this judicial district and has committed one or more of the acts complained of in this Complaint within this judicial district, including importing and selling infringing products through retail stores located within this judicial district.  Further, on information and belief, Sam's West, Inc. operates an e-commerce website (www.samsclub.com) through which the infringing products are advertised and offered for sale, from which Illinois residents can purchase infringing products.

14.      This Court has personal jurisdiction over Defendant Sam's East, Inc. because, on information and belief, Sam's East, Inc. regularly conducts business within this judicial district and has committed one or more of the acts complained of in this Complaint within this judicial

3

district, including importing and selling infringing products through retail stores located within this judicial district. Further, on information and belief, Sam's East, Inc. operates an e-commerce website (www.samsclub.com) through which the infringing products are advertised and offered for sale, and from which Illinois residents can purchase infringing products.

15. This Court has personal jurisdiction over Defendant Jet.Com because, on information and belief, Jet.Com regularly conducts business within this judicial district and has committed one or more of the acts complained of in this Complaint within this judicial district, including operating an e-commerce website (www.jet.com) through which the infringing products are advertised and offered for sale, and from which Illinois residents can purchase infringing products.

16. This Court has personal jurisdiction over Defendant Walmart because, on information and belief, Walmart regularly conducts business within this judicial district and has committed one or more of the acts complained of in this Complaint within this judicial district, including operating an e-commerce website (www.walmart.com) through which the infringing products are advertised and offered for sale, and from which Illinois residents can purchase infringing products.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(a).

***Facts***

18. Learning Resources is known for educational content, product innovation, and its strong design sense. Founded in 1984, Learning Resources has devoted decades to developing hands-on educational products, including play and learning activity sets, manipulatives, and games that build foundational skills in various subject areas as well as other educational

products.  Learning Resources' products have won hundreds of product awards and are prized by schools and educational leaders for outstanding content, highly engaging and innovative product design, and excellent product quality and durability.  Learning Resources products that promote hands-on learning are found in the school, parent, and other consumer markets.

19.    Learning Resources designed original play food items that it sells under its New Sprouts® brand, including the New Sprouts® Dinner Basket, New Sprouts® Picnic!, and New Sprouts® Stir Fry play food sets.

20.    Learning Resources owns copyrights in the play food items included in its New Sprouts® play food sets and owns applicable U.S. Copyright Registration Nos. VA2126661, VA2126660, and VA2126658 (collectively, "New Sprouts Copyright Registrations").  True and correct copies of U.S. Copyright Registration Nos. VA2126661, VA2126660, and VA2126658 are attached hereto as Exhibits A, B, and C, respectively.

21.    In or around fall of 2016, Learning Resources presented for sale to Sam's Club play food items for Sam's Club to consider for its fall 2017 line.  In particular, Learning Resources' provided Sam's Club with samples of play food items substantially identical to play food items contained in the New Sprouts® sets ("LR Play Food").

22.    Though Sam's Club was interested in and reviewed the LR Play Food for the fall 2017 line, Sam's Club demanded that Learning Resources lower the price of the LR Play Food set because it did not meet "Sam's [Club] expectations."  After Learning Resources was unable to lower its selling price sufficiently to meet Sam's Club's demands, in or around March 2017, Sam's Club informed Learning Resources that the LR Play Food was dropped from consideration for the fall 2017 line.

23.     Despite being rejected for failing to satisfy Sam's Club's financial demands for the 2017 offering, in or around fall of 2017, Learning Resources received a new request from Sam's Club for the same play food set for Sam's Club's Holiday 2018 line, along with a request for new samples to be sent to Sam's Club's offices in Shenzhen, China, by mid-October 2017. Learning Resources again supplied samples and quotes for the LR Play Food as requested to Sam's Club.

24.     Subsequently, Sam's Club informed Learning Resources that although Sam's Club liked the LR Play Food, costs would be "a determining factor" for its decision to purchase the LR Play Food.  Having noted that Learning Resources' costs "are not competitive or consistent with the other programs we're reviewing," Sam's Club requested additional samples in early November 2017. Then, in or around January 2018, Sam's Club again dropped Learning Resources' play food products from consideration.

25.     Thereafter, in or around November 2018, Learning Resources discovered that Sam's Club, Jet.Com and Walmart were selling play food as part of Playgo's Gourmet Soft Play Food set (the "Accused Products").  The Accused Products include play food items copied from the LR Play Food which Learning Resources offered to sell to Sam's Club.

26.     The image below shows a comparison of play food items contained in Learning Resources' New Sprouts® sets (top row) and the Accused Products (bottom row):



27.     As illustrated above, the Accused Products are identical or substantially similar in design, including the same dimensions, shape, and color, to Learning Resources' play food items.

28.     On information and belief, Sam's Club found a vendor, Playgo, to copy Learning Resources' play food items and sell them to Sam's Club, Jet.Com and Walmart at a cheaper price than Learning Resources.

29.     On information and belief, Playgo copied Learning Resources' play food items in the New Sprouts® sets to create the Accused Products for Sam's Club.

30.     Playgo sold the Accused Products to Sam's Club, Jet.Com and Walmart for resale.

31.     On information and belief, Sam's Club has displayed and sold the Accused Products to consumers in stores and online throughout the United States, including in Illinois.

32.     On information and belief, Walmart has displayed and sold the Accused Products to consumers online throughout the United States, including in Illinois.

33.     On information and belief, Jet.Com has displayed and sold the Accused Products to consumers online throughout the United States, including in Illinois.

7

34.     In an attempt to resolve this dispute without litigation, on November 12, 2018, Learning Resources complained by letter to Playgo and Sam's Club, accusing them of copyright infringement and proposing terms to resolve the dispute, including a demand that they cease selling the Accused products and other terms.

35.     Sam's Club responded by directing Learning Resources to its supplier, Playgo, to resolve the dispute.  Sam's Club did not deny any copyright infringement or cease selling the Accused Products.

36.     Playgo responded by agreeing to cease its own manufacture, distribution, sale, and marketing of the Accused Products.  Playgo failed to fully respond to Learning Resources' proposed terms.

## Count I
### Copyright Infringement

37.      Learning Resources incorporates the allegations of Paragraphs 1-39 of this Complaint by reference into this Count as though fully set forth herein.

38.      Learning Resources owns a valid and enforceable copyright and U.S. Copyright Registration No. VA2126661 for the work entitled PLAY FOOD DINNER SET.

39.     Learning Resources owns a valid and enforceable copyright and U.S. Copyright Registration No. VA2126660 for the work entitled PLAY FOOD PICNIC SET.

40.     Learning Resources owns a valid and enforceable copyright and U.S. Copyright Registration No. VA2126658 for the work entitled PLAY FOOD STIR FRY SET.

41.      Despite Learning Resources' exclusive rights to the works entitled PLAY FOOD DINNER SET, PLAY FOOD PICNIC SET, and PLAY FOOD STIR FRY SET, Defendants have infringed, induced, or contributed to the infringement of, Learning Resources' copyright in the works entitled PLAY FOOD DINNER SET, PLAY FOOD PICNIC SET, and PLAY FOOD

STIR FRY SET by copying the play food items in Learning Resources' New Sprouts® sets and by importing, publically displaying, distributing, and selling the Accused Products, all without Learning Resources' permission, in violation of 17 U.S.C. § 501.

42. Defendants' copyright infringement has been willful, knowing, and intentional.

43. Defendants' copyright infringement has caused irreparable harm to Learning Resources that cannot be easily ascertained.

44. Unless enjoined by the Court, Defendants will continue to do the acts complained of in this Complaint and cause damage and injury, all to Learning Resources' irreparable harm and Defendants' unjust enrichment.

### Prayer for Relief

Learning Resources respectfully requests that the Court enter judgment in favor of Learning Resources and against Defendants, granting the following relief:

(a)     judgment that Defendants have willfully infringed, induced infringement of, or contributed to the infringement of Learning Resources' copyright in the work entitled PLAY FOOD DINNER SET;

(b)     judgment that Defendants have willfully infringed, induced infringement of, or contributed to the infringement of Learning Resources' copyright in the work entitled PLAY FOOD PICNIC SET;

(c)     judgment that Defendants have willfully infringed, induced infringement of, or contributed to the infringement of Learning Resources' copyright in the work entitled PLAY FOOD STIR FRY SET;

(d)     an injunction against Defendants, including their officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys,

and all others in active concert or participation with them who receive notice of this injunction, permanently enjoining them from copying, importing, publicly displaying, distributing, selling, or advertising products infringing Learning Resources' copyrights;

(e)     an order that Defendants be direct to deliver up to this Court for destruction, pursuant to 17 U.S.C. § 503, all products, packaging, prints, advertisements, publications, promotions, or other articles in its possession infringing upon Learning Resources' copyrights, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, screens, or other means of making the same;

(f)     an order that Defendants be required to account for and pay over to Learning Resources all actual damages suffered by Learning Resources; all gains, profits, and advantages derived by each of the Defendants from their infringement of Learning Resources' copyright, and such other damages as the Court shall deem proper within the Copyright Act;

(g)     an award of increased damages to fully compensate Learning Resources and punitive damages for the willful and wanton nature of Defendants' wrongful acts;

(h)     an award to Learning Resources of its costs and expenses, including all reasonable attorneys' fees recoverable under the Copyright Act or any other applicable law or rule;

(i)     pre-judgment and post-judgment interest as allowed by law; and

(j)     such other and further relief as this Court deems fair and equitable.

### *Jury Demand*

Learning Resources demands a trial by jury on all issues properly tried to a jury.

Dated: February 1, 2019                    ___/s/ Larry L Saret_____

Larry L. Saret  (2459337)
  llsaret@michaelbest.com
Mircea A. Tipescu  (6276053)
  matipescu@michaelbest.com
Carolyn E. Isaac
  ceisaac@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street, Suite 3200
Chicago, Illinois  60606
Telephone:  312.222.0800
Facsimile:  312.222.0818

Attorneys for Plaintiff