**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LEARNING RESOURCES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-00660 |
| ) | |
| PLAYGO TOYS ENTERPRISES LTD, SAM'S ) | Hon. Manish S. Shah |
| WEST, INC., SAM'S EAST, INC., JET.COM, ) | |
| and WALMART INC. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS SAM'S WEST, INC., SAM'S EAST, INC., JET.COM, AND WALMART's ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Sam's West, Inc., Sam's East, Inc. (collectively "Sam's Club"), Jet.com, Inc. ("Jet.com"), and Walmart Inc. ("Walmart") (together, the "Walmart Defendants") as follows:

*Nature of the Case*

1. Learning Resources develops, makes, and sells award-winning educational products, including play food sets and other play and learning activity sets. Sam's Club, Jet.com, and Walmart have conspired with Playgo to copy Learning Resources' original play food designs and their sale of the copied play food constitutes willful infringement of Learning Resources' copyrights in its play food products.

**ANSWER:** Walmart Defendants lack sufficient knowledge or information to either admit or deny the allegations in the first sentence of Paragraph 1 and therefore deny the same. Walmart Defendants deny the allegations in the second sentence of Paragraph 1.

2. In 2016, Learning Resources presented some of its play food sets to Sam's Club in the hopes that Sam's Club would carry them as part of Sam's Club's fall 2017 line. After considering the play food samples and quotes that Learning Resources provided, Sam's Club

1

demanded that Learning Resources reduce its prices. When Learning Resources was unable to meet Sam's Club's pricing demands, Sam's Club dropped Learning Resources' play food from consideration for its 2017 line. The same thing happened again in the fall of 2017 when Sam's Club requested play food samples and quotes from Learning Resources for its 2018 Holiday line and then decided not to carry Learning Resources' play food after requesting lower prices. Thereafter, Playgo, Sam's Club, Jet.com and Walmart began selling play food developed by Playgo that is copied from Learning Resources' play food without authorization.

**ANSWER:** Walmart Defendants admit that Sam's Club and Learning Resources communicated in 2016 and 2017 regarding quotes for play food. Walmart Defendants deny any and all remaining allegations in Paragraph 2.

3. The play food sold by Defendants is so similar to Learning Resources' play food that Defendants' conduct can reasonably only be explained as willful infringement of Learning Resources' copyrights in its play food items.

**ANSWER:** Walmart Defendants deny the allegations in Paragraph 3.

*The Parties*

4. Plaintiff Learning Resources is a corporation duly organized and existing under the laws of the State of Illinois. Learning Resources has its principal place of business at 380 North Fairway Drive, Vernon Hills, Illinois.

**ANSWER:** Walmart Defendants lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 4 and therefore deny the same.

5. On information and belief, Defendant Playgo is a foreign company with its principal place of business at 12th Floor, Tower 1, South Seas Centre, 75 Mody Road, Tsim Sha Tsui East, Kowloon, Hong Kong, China.

**ANSWER:** Walmart Defendants lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 5 and therefore deny the same.

6. On information and belief, Defendant Sam's West, Inc., is a corporation organized and existing under the laws of the State of Arkansas and is a wholly-owned subsidiary of Walmart. Sam's West, Inc., has its principal place of business in Bentonville, Arkansas.

**ANSWER:** Walmart Defendants admit the allegations in Paragraph 6, except deny that Sam's West, Inc. is a corporation organized and existing under the laws of the State of Arkansas and avers that it is a corporation organized and existing under the laws of the State of Delaware.

7. On information and belief, Defendant Sam's East, Inc., is a corporation organized and existing under the laws of the State of Arkansas and is a wholly-owned subsidiary of Walmart. Sam's East, Inc., has its principal place of business in Bentonville, Arkansas.

**ANSWER:** Walmart Defendants admit the allegations in Paragraph 7, except deny that Sam's East, Inc. is a corporation organized and existing under the laws of the State of Arkansas and avers that it is a corporation organized and existing under the laws of the State of Delaware.

8. On information and belief, Defendant Jet.com is an e-commerce company organized and existing under the laws of the State of Delaware and is a wholly-owned subsidiary of Walmart. Jet.com has its principal place of business in Hoboken, New Jersey.

**ANSWER:** Walmart Defendants admit the allegations in Paragraph 8.

9. On information and belief, Defendant Walmart is a corporation organized and existing under the laws of the State of Arkansas. Walmart has its principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas.

**ANSWER:** Walmart Defendants admit the allegations in Paragraph 9, except deny that Walmart, Inc. is a corporation organized and existing under the laws of the State of Arkansas and avers that it is a corporation organized and existing under the laws of the State of Delaware.

*Jurisdiction and Venue*

10. This action arises under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

**ANSWER:** Walmart Defendants admit that this action involves Plaintiff's allegations of infringement under the Copyright Act, but deny those allegations as they pertain to the Walmart Defendants.

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

**ANSWER:** Walmart Defendants admit the allegation in Paragraph 11 as it pertains to Walmart Defendants.

12. This Court has personal jurisdiction over Defendant Playgo because, on information and belief, Playgo regularly places its products into the stream of commerce to be sold by retailers throughout the United States, including within this judicial district.

**ANSWER:** Walmart Defendants lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 12 and therefore deny the same.

13. This Court has personal jurisdiction over Defendant Sam's West, Inc. because, on information and belief, Sam's West, Inc. regularly conducts business within this judicial district and has committed one or more of the acts complained of in this Complaint within this judicial district, including importing and selling infringing products through retail stores located within this judicial district. Further, on information and belief, Sam's West, Inc. operates an e-

commerce website (www.samsclub.com) through which the infringing products are advertised and offered for sale, from which Illinois residents can purchase infringing products.

> **ANSWER:** Walmart Defendants deny the allegations in Paragraph 13, except admits that Sam's West, Inc. operates www.samsclub.com.

14. This Court has personal jurisdiction over Defendant Sam's East, Inc. because, on information and belief, Sam's East, Inc. regularly conducts business within this judicial district and has committed one or more of the acts complained of in this Complaint within this judicial district, including importing and selling infringing products through retail stores located within this judicial district. Further, on information and belief, Sam's East, Inc. operates an e-commerce website (www.samsclub.com) through which the infringing products are advertised and offered for sale, and from which Illinois residents can purchase infringing products.

> **ANSWER:** Walmart Defendants admit that Sam's East, Inc. regularly conducts business within this judicial district. Walmart Defendants deny the remaining allegations in Paragraph 14.

15. This Court has personal jurisdiction over Defendant Jet.com because, on information and belief, Jet.com regularly conducts business within this judicial district and has committed one or more of the acts complained of in this Complaint within this judicial district, including operating an e-commerce website (www.jet.com) through which the infringing products are advertised and offered for sale, and from which Illinois residents can purchase infringing products.

> **ANSWER:** Walmart Defendants admit that Jet.com regularly conducts business within this judicial district. Walmart Defendants deny the remaining allegations in Paragraph 15.

16. This Court has personal jurisdiction over Defendant Walmart because, on information and belief, Walmart regularly conducts business within this judicial district and has committed one or more of the acts complained of in this Complaint within this judicial district, including operating an e-commerce website (www.walmart.com) through which the infringing products are advertised and offered for sale, and from which Illinois residents can purchase infringing products.

> **ANSWER:** Walmart Defendants admit that Walmart Inc. regularly conducts business within this judicial district. Walmart Defendants deny the remaining allegations in Paragraph 16.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(a).

> **ANSWER:** Walmart Defendants deny the allegations in Paragraph 17.

*Facts*

18. Learning Resources is known for educational content, product innovation, and its strong design sense. Founded in 1984, Learning Resources has devoted decades to developing hands-on educational products, including play and learning activity sets, manipulatives, and games that build foundational skills in various subject areas as well as other educational products. Learning Resources' products have won hundreds of product awards and are prized by schools and educational leaders for outstanding content, highly engaging and innovative product design, and excellent product quality and durability. Learning Resources products that promote hands-on learning are found in the school, parent, and other consumer markets.

> **ANSWER:** Walmart Defendants lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 18 and therefore deny the same.

19. Learning Resources designed original play food items that it sells under its New Sprouts® brand, including the New Sprouts® Dinner Basket, New Sprouts® Picnic!, and New Sprouts® Stir Fry play food sets.

**ANSWER:** Walmart Defendants lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 19 and therefore deny the same.

20. Learning Resources owns copyrights in the play food items included in its New Sprouts® play food sets and owns applicable U.S. Copyright Registration Nos. VA2126661, VA2126660, and VA2126658 (collectively, "New Sprouts Copyright Registrations"). True and correct copies of U.S. Copyright Registration Nos. VA2126661, VA2126660, and VA2126658 are attached hereto as Exhibits A, B, and C, respectively.

**ANSWER:** Walmart Defendants admit that Exhibits A, B, and C to the Complaint purport to be copyright registrations issues by the U.S. Copyright Office. Walmart Defendants lack sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 20 and therefore deny the same.

21. In or around fall of 2016, Learning Resources presented for sale to Sam's Club play food items for Sam's Club to consider for its fall 2017 line. In particular, Learning Resources' provided Sam's Club with samples of play food items substantially identical to play food items contained in the New Sprouts® sets ("LR Play Food").

   **ANSWER:** Walmart Defendants lack sufficient knowledge or information at this time to either admit or deny the allegations in Paragraph 21 and therefore deny the same.

22. Though Sam's Club was interested in and reviewed the LR Play Food for the fall 2017 line, Sam's Club demanded that Learning Resources lower the price of the LR Play Food set because it did not meet "Sam's [Club] expectations." After Learning Resources was

7

unable to lower its selling price sufficiently to meet Sam's Club's demands, in or around March 2017, Sam's Club informed Learning Resources that the LR Play Food was dropped from consideration for the fall 2017 line.

> **ANSWER:** Walmart Defendants lack sufficient knowledge or information at this time to either admit or deny the allegations in Paragraph 22 and therefore deny the same.

23. Despite being rejected for failing to satisfy Sam's Club's financial demands for the 2017 offering, in or around fall of 2017, Learning Resources received a new request from Sam's Club for the same play food set for Sam's Club's Holiday 2018 line, along with a request for new samples to be sent to Sam's Club's offices in Shenzhen, China, by mid-October 2017. Learning Resources again supplied samples and quotes for the LR Play Food as requested to Sam's Club.

> **ANSWER:** Walmart Defendants lack sufficient knowledge or information at this time to either admit or deny the allegations in Paragraph 23 and therefore deny the same.

24. Subsequently, Sam's Club informed Learning Resources that although Sam's Club liked the LR Play Food, costs would be "a determining factor" for its decision to purchase the LR Play Food. Having noted that Learning Resources' costs "are not competitive or consistent with the other programs we're reviewing," Sam's Club requested additional samples in early November 2017. Then, in or around January 2018, Sam's Club again dropped Learning Resources' play food products from consideration.

> **ANSWER:** Walmart Defendants lack sufficient knowledge or information at this time to either admit or deny the allegations in Paragraph 24 and therefore deny the same.

25. Thereafter, in or around November 2018, Learning Resources discovered that Sam's Club, Jet.com and Walmart were selling play food as part of Playgo's Gourmet Soft Play

Food set (the "Accused Products"). The Accused Products include play food items copied from the LR Play Food which Learning Resources offered to sell to Sam's Club.

**ANSWER:** Walmart Defendants admit that certain Walmart parties sell play food by Playgo. Walmart Defendants lack sufficient knowledge or information to either admit or deny the remaining allegations in the first sentence of Paragraph 25 and therefore deny the same. Walmart Defendants deny the allegations in the third sentence in Paragraph 25.

26. The image below shows a comparison of play food items contained in Learning Resources' New Sprouts® sets (top row) and the Accused Products (bottom row):



**ANSWER:** Walmart Defendants admit that the image depicts play food items but otherwise lack sufficient knowledge or information to admit or deny the Allegations in Paragraph 26 and therefore deny the same.

27. As illustrated above, the Accused Products are identical or substantially similar in design, including the same dimensions, shape, and color, to Learning Resources' play food items.

**ANSWER:** Walmart Defendants deny the allegations in Paragraph 27.

9

28. On information and belief, Sam's Club found a vendor, Playgo, to copy Learning Resources' play food items and sell them to Sam's Club, Jet.com and Walmart at a cheaper price than Learning Resources.

**ANSWER:** Walmart Defendants deny the allegations in Paragraph 28.

29. On information and belief, Playgo copied Learning Resources' play food items in the New Sprouts® sets to create the Accused Products for Sam's Club.

**ANSWER:** Walmart Defendants deny the allegations in Paragraph 29 as they pertain to Walmart Defendants.

30. Playgo sold the Accused Products to Sam's Club, Jet.com and Walmart for resale.

**ANSWER:** Walmart Defendants lack sufficient knowledge or information to admit or deny the Allegations in Paragraph 30 and therefore deny the same. Walmart Defendants admit that certain Walmart parties purchased play food sets from Playgo. Without Universal Product Code (UPC) numbers or additional identifying information, Walmart Defendants are unable to admit or deny with certainty that any of them purchased and resold the depicted Accused Products.

31. On information and belief, Sam's Club has displayed and sold the Accused Products to consumers in stores and online throughout the United States, including in Illinois.

**ANSWER:** Walmart Defendants lack sufficient knowledge or information to admit or deny the Allegations in Paragraph 31 and therefore deny the same. Walmart Defendants admit that certain Walmart parties purchased play food sets from Playgo. Without UPC numbers or

additional identifying information, Walmart Defendants are unable to admit or deny with certainty that any of them displayed and sold the depicted Accused Products.

      32.    On information and belief, Walmart has displayed and sold the Accused Products to consumers online throughout the United States, including in Illinois.

**ANSWER:** Walmart Defendants lack sufficient knowledge or information to admit or deny the Allegations in Paragraph 32 and therefore deny the same. Walmart Defendants admit that certain Walmart parties purchased play food sets from Playgo. Without UPC numbers or additional identifying information, Walmart Defendants are unable to admit or deny with certainty that any of them displayed and sold the depicted Accused Products.

      33.    On information and belief, Jet.com has displayed and sold the Accused Products to consumers online throughout the United States, including in Illinois.

**ANSWER:** Walmart Defendants lack sufficient knowledge or information to admit or deny the Allegations in Paragraph 33 and therefore deny the same. Walmart Defendants admit that certain Walmart parties purchased play food sets from Playgo. Without UPC numbers or additional identifying information, Walmart Defendants are unable to admit or deny with certainty that any of them displayed and sold the depicted Accused Products.

      34.    In an attempt to resolve this dispute without litigation, on November 12, 2018, Learning Resources complained by letter to Playgo and Sam's Club, accusing them of copyright infringement and proposing terms to resolve the dispute, including a demand that they cease selling the Accused products and other terms.

**ANSWER:** Walmart Defendants admit that Sam's Club received a letter from Learning Resources in November of 2018, and allege that the letter stands for itself. Walmart Defendants deny that they infringed any copyright and deny the remaining allegations in paragraph 34.

35. Sam's Club responded by directing Learning Resources to its supplier, Playgo, to resolve the dispute. Sam's Club did not deny any copyright infringement or cease selling the Accused Products.

**ANSWER:** Walmart Defendants admit that Sam's Club directed Learning Resources to its supplier, Playgo. Walmart Defendants deny the remaining allegations in Paragraph 35 and further state that Walmart Defendants deny any copyright infringement occurred.

36. Playgo responded by agreeing to cease its own manufacture, distribution, sale, and marketing of the Accused Products. Playgo failed to fully respond to Learning Resources' proposed terms.

**ANSWER:** Walmart Defendants lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 36 and therefore deny the same.

## Count I

### *Copyright Infringement*

37. Learning Resources incorporates the allegations of Paragraphs 1-39 of this Complaint by reference into this Count as though fully set forth herein.

**ANSWER:** Walmart Defendants restate their answers to Paragraphs 1-36, *supra,* as and for their answer to Paragraph 37, as though fully set forth herein.

38. Learning Resources owns a valid and enforceable copyright and U.S. Copyright Registration No. VA2126661 for the work entitled PLAY FOOD DINNER SET.

**ANSWER:** Walmart Defendants lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 38 and therefore deny the same.

39. Learning Resources owns a valid and enforceable copyright and U.S. Copyright Registration No. VA2126660 for the work entitled PLAY FOOD PICNIC SET.

12

**ANSWER:** Walmart Defendants lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 39 and therefore deny the same.

40. Learning Resources owns a valid and enforceable copyright and U.S. Copyright Registration No. VA2126658 for the work entitled PLAY FOOD STIR FRY SET.

**ANSWER:** Walmart Defendants lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 40 and therefore deny the same.

41. Despite Learning Resources' exclusive rights to the works entitled PLAY FOOD DINNER SET, PLAY FOOD PICNIC SET, and PLAY FOOD STIR FRY SET, Defendants have infringed, induced, or contributed to the infringement of, Learning Resources' copyright in the works entitled PLAY FOOD DINNER SET, PLAY FOOD PICNIC SET, and PLAY FOOD STIR FRY SET by copying the play food items in Learning Resources' New Sprouts® sets and by importing, publically displaying, distributing, and selling the Accused Products, all without Learning Resources' permission, in violation of 17 U.S.C. § 501.

**ANSWER:** Walmart Defendants deny the allegations in Paragraph 41 as they pertain to Walmart Defendants.

42. Defendants' copyright infringement has been willful, knowing, and intentional.

**ANSWER:** Walmart Defendants deny the allegations in Paragraph 42 as they pertain to Walmart Defendants.

43. Defendants' copyright infringement has caused irreparable harm to Learning Resources that cannot be easily ascertained.

**ANSWER:** Walmart Defendants deny the allegations in Paragraph 43 as they pertain to Walmart Defendants.

44. Unless enjoined by the Court, Defendants will continue to do the acts complained of in this Complaint and cause damage and injury, all to Learning Resources' irreparable harm and Defendants' unjust enrichment.

**ANSWER:** Walmart Defendants deny the allegations in Paragraph 44 as they pertain to Walmart Defendants

## *Affirmative Defenses*

The Walmart Defendants submit their Affirmative Defenses to the Plaintiff's Complaint as follows:

### *First Affirmative Defense*
### **(Lack of Personal Jurisdiction)**

For their First Affirmative Defense, the Walmart Defendants allege that the Court lacks personal jurisdiction over some or all of the Walmart Defendants.

### *Second Affirmative Defense*
### **(Invalidity or Unenforceability of Copyright)**

For their Second Affirmative Defense, the Walmart Defendants allege that Plaintiff's claims are barred because Plaintiff's alleged copyrights are invalid and/or unenforceable.

### *Third Affirmative Defense*
### **(Doctrine of Merger)**

For their Third Affirmative Defense, the Walmart Defendants allege that Plaintiff's claims are barred by the doctrine of merger.

### *Fourth Affirmative Defense*
### **(Doctrine of Scenes a Faire)**

For their Fourth Affirmative Defense, the Walmart Defendants allege that Plaintiff's claims are barred by the doctrine of scenes a faire.

### *Fifth Affirmative Defense*
### (Failure to State a Claim for Relief)

For their Fifth Affirmative Defense, the Walmart Defendants allege that Plaintiff has failed to state a claim upon which relief may be granted for the reason that, *inter alia*, Plaintiff has not registered its claim of copyright for many of the items alleged to be infringing as required by Section 411(a) of the Copyright Law, 17 U.S.C. § 411(a).

### *Sixth Affirmative Defense*
### (Unclean Hands)

For their Sixth Affirmative Defense, the Walmart Defendants allege that Plaintiff comes into court with unclean hands by asserting copyright over certain play food items for which it has no copyright registration.

### *Additional Defenses*

The Walmart Defendants reserve the right to assert additional affirmative defenses, based upon the course of discovery and proceedings in this action.

Dated: June 4, 2019  

*/s/ William T. McGrath*
William T. McGrath, No. 1843567
Amy T. Adler, No. 6321607
DAVIS MCGRATH LLC
125 S. Wacker Dr., Ste 1380
Chicago, Illinois 60606
312.332.3033
wmcgrath@davismcgrath.com
atadler@davismcgrath.com

*Counsel for Walmart Defendants*

15

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that a true and correct copy of the foregoing document was filed on June 4, 2019, with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Larry L. Saret
llsaret@michaelbest.com

Mircea A. Tipescu
matipescu@michaelbest.com

Carolyn E. Isaac
ceisaac@michaelbest.com

*Counsel for Plaintiff*

/s/ William T. McGrath<br>William T. McGrath