# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEARNING RESOURCES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-cv-00660 |
| v. ) | |
| ) | Hon. Martha Pacold |
| PLAYGO TOYS ENTERPRISES LTD, SAM'S ) | |
| WEST, INC., SAM'S EAST, INC., JET.COM, ) | Hon. Jeffrey Cummings |
| and WALMART INC. ) | |
| ) | |
| Defendants. ) | |

## WALMART DEFENDANTS' MOTION TO REQUIRE DEPOSITION BY REMOTE MEANS

Defendants Sam's West, Inc., Sam's East, Inc., Jet.Com, Inc., and Walmart Inc. (collectively "Walmart") hereby move this Court pursuant to Fed. R. Civ. P. 30(b)(4) and Fed. R. Civ. P. 26(c) to enter an order requiring that the scheduled deposition of Ms. Shelley Latham be conducted by remote videoconference means as permitted by Fed. R. Civ. P. 30(b)(4). In support of this motion, Walmart states as follows:

1. Plaintiff, Learning Resources, Inc., has indicated that it will issue a notice to take the deposition of Ms. Shelley Latham, an employee of defendant Sam's Club, in Fayetteville, Arkansas, on June 30, 2020. Plaintiff has indicated that the deposition is to be "in person."

2. On at least two prior occasions, Walmart's counsel has requested that the deposition be conducted via remote means rather than in person in light of the current concerns associated with air travel and gatherings of groups in confined spaces. Plaintiff's counsel has nevertheless insisted on deposing Ms. Latham in-person.

3. Subsequently, by letter dated May 25, 2020, Walmart's counsel formally requested that Plaintiff reconsider its demand for an in-person deposition and instead stipulate to

1

take the deposition by videoconference.  See **Exhibit A**.  In this letter, Walmart's counsel, Mr. McGrath, reminded Plaintiff's counsel, Mr. Gollwitzer, that he is over the age of 65 (as is his wife) and thus is in a high-risk category if exposed to COVID-19.  See Center for Disease Control website, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html ("Based on what we know now, those at high-risk for severe illness from COVID-19 are:  People 65 years and older . . . .").  Mr. Lehv, counsel for Defendant Playgo, sent an e-mail to Mr. Gollwitzer stating that he agreed with Mr. McGrath's request for similar reasons. Nevertheless, Mr. Gollwitzer has refused to agree to conduct the deposition remotely.

4. On May 29, 2020, Mr. McGrath called Mr. Gollwitzer to again request that the deposition be conducted by remote means.  Again, Plaintiff rejected the request.  Walmart's undersigned counsel certifies that he has in good faith conferred with Plaintiff's counsel in an effort to resolve the dispute without court action.

5. Walmart has at all times cooperated in providing discovery in this case.  It has made two different productions of ESI documents consisting of more than 67,000 pages.

6. Ms. Latham's deposition is the first deposition to be scheduled in this case.

7. To require Mr. McGrath to fly to Arkansas to defend this deposition would impose an undue health risk on Mr. McGrath and his immediate family; to require Walmart to find and engage additional local counsel unfamiliar with the case to be physically present while Mr. McGrath appears remotely would unnecessarily deprive Walmart of the effective assistance of its current counsel..

8. The risks to Mr. McGrath and all others involved in an in-person deposition are exacerbated by the fact that other counsel would also have to fly to Arkansas for the deposition.

Mr. Gollwitzer is based in Austin, Texas, and Playgo's counsel, Mr. Lehv, is based in New York City.

9. Courts throughout the country are using remote technology to facilitate litigation while minimizing the risks to parties, lawyers, jurors, court reporters, and court personnel. On May 21, 2020, the Seventh Circuit issued a notice that all cases scheduled for oral argument through August 2020 will be argued by counsel either telephonically or by Zoom Video Communications. In the District Court, Chief Judge Pallmeyer issued the Fourth Amended General Order 20-0012 on May 26, 2020, providing that civil cases, bench trials, and settlement conferences may be conducted by remote means, and that "in-court hearings are limited to urgent matters that cannot be conducted remotely." Id. ¶3. In light of the advances in videoconferencing technology, taking a deposition via videoconference is not extraordinary.

10. Fed. R. Civ. P. 30(b)(4) provides: "The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means. . . ." As Magistrate Judge Fuentes recently noted, "district courts have wide discretion in managing civil discovery." *DeVine v. XPO Logistics Freight*, 2020 WL 1275087, at *2 (N.D. Ill. Mar. 17, 2020) (devising deposition protocols appropriate to Covid-19 concerns). This discretion includes authorizing depositions to be taken by remote means. *Graham v. Ocwen Loan Servicing, LLC*, 16-80011-CIV, 2016 WL 7443288, at *1 (S.D. Fla. July 1, 2016). Since Rule 30(b)(4) does not specify the standards to be considered in making this determination, the decision is left to the discretion of the court, which must balance claims of prejudice and hardship and carefully weigh the relevant facts. *Usov v. Lazar*, 2015 WL 5052497, at *1 (S.D.N.Y. Aug. 25, 2015).

11. In recent months, many courts have recognized that remote technologies are a viable solution to the health risks presented by travel and the social interaction of multiple individuals

in a confined space, as is necessitated by depositions. *See, e.g., Sinceno v. The Riverside Church in the City of New York*, 2020 WL 1302053 (S.D.N.Y. Mar. 18, 2020) (authorizing the taking of all depositions by remote means in light of COVID-19 concerns); *ResCap Liquid. Tr. v. Primary Res. Mort.*, 2020 WL 1280931, at *3 (D. Minn. Mar. 13, 2020) (COVID-19's potential risk established good cause for remote testimony); *Velicer v. Falconhead Capital LLC*, 2020 WL 1847773 at *2 (W.D. Wash. Apr. 13, 2020) (encouraging the parties to take depositions remotely due to coronavirus). The court in *SAPS, LLC v. EZCare Clinic, Inc.*, 2020 WL 1923146, at *2 (E.D. La. Apr. 21, 2020) allowed depositions by remote means, stating "this court will not require parties to appear in person with one another in the midst of the present pandemic."

12. Courts have rebuffed various arguments made to avoid remote depositions. In *Grano v. Sodexo Mgt., Inc.,* 2020 WL 1975057, at *3 (S.D. Cal. Apr. 24, 2020), the court rejected an argument that remote depositions would be unworkable or cumbersome, stating, "attorneys and litigants all over the country are adapting to a new way of practicing law, including conducting depositions and deposition preparation remotely." In *Djurdjevich v. Flat Rate Movers, Ltd.,* 2020 WL 2319119, at *2 (S.D.N.Y. May 8, 2020), the court ordered that due to the pandemic all depositions in the case "shall be taken via telephone, videoconference, or other remote means." To avoid any doubt about having a court reporter in a location different than the deponent, the court clarified that a deposition will be deemed to have been conducted "before" an officer under F.R. Civ. P. 28 so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants. *Id*. *See also*, *SAPS, LLC*, *supra*, 2020 WL 1923146, at *2 (Rule 28 requirements met where officer attends via same remote means).

13. A protective order under Rule 26(c) is also an appropriate procedure to require that depositions be taken by remote means. Rule 26(c) provides that a court may, for good cause, issue an order to protect a party from annoyance, oppression, or undue burden or expense, including measures such as specifying time and place for the discovery, prescribing a discovery method other than the one selected by the party seeking discovery, and designating the persons who may be present at a deposition. Fed. R. Civ. P. 26(c)(1)(B), (C), and (E). See, *Grano v. Sodexo Mgt., Inc., supra*, 2020 WL 1975057, at *2-3.

14. Requiring a videoconference deposition of Ms. Latham on the scheduled date of June 30, 2020, is consistent with the goal expressed in Rule 1 that civil litigation should proceed in a manner that promotes the just, speedy, and inexpensive determination of the matter. Any perceived inconvenience to Plaintiff is outweighed by the potential risks to the deponent, the attorneys, and the court reporter from air travel and confinement in a conference room for up to seven hours. In balancing the respective harms in this situation, it is better to err on the side of health and safety.

For the reasons stated above, the Walmart Defendants respectfully request that the Court order that the deposition of Shelley Latham proceed on June 30, 2020 by means of a remote videoconference.

Dated: June 2, 2020
        */s/ William T. McGrath*
William T. McGrath, No. 1843567
DAVIS MCGRATH LLC
125 S. Wacker Dr., Ste 1380
Chicago, Illinois 60606
312.332.3033
*wmcgrath@davismcgrath.com*
*Counsel for Walmart Defendants*

5

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that a true and correct copy of the foregoing document was filed on June 2, 2020 with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Mircea A. Tipescu
matipescu@michaelbest.com

Carolyn E. Isaac
ceisaac@michaelbest.com

Arthur Gollwitzer
agollwitzer@michaelbest.com

*Counsel for Plaintiff*

/s/ William T. McGrath
William T. McGrath
*Counsel for Walmart Defendants*