UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEARNING RESOURCES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-cv-00660 ) ) Hon. Martha M. Pacold |
| PLAYGO TOYS ENTERPRISES LTD, SAM'S WEST, INC., SAM'S EAST, INC., JET.COM, and WALMART INC. | ) Hon. Jeffrey Cummings ) ) ) |
| Defendants. | ) ) |

**Plaintiff Learning Resources' Response to Defendants' Motion for Remote Deposition**

Plaintiff Learning Resources, Inc. has no desire to place any attorney, witness, or other participant in upcoming depositions in danger. Indeed, to that end, Learning Resources responded to Mr. McGrath's request to conduct depositions by videoconference with compromise proposals. Notably, Walmart's motion did not include Learning Resources' letter proposing compromises nor did it inform the Court of Learning Resources' efforts to resolve this matter, as explained in more detail below.

1. Learning Resources first noticed the upcoming deposition of Walmart executive Shelley Latham over four months ago, on January 22, 2020. Ms. Latham is a Senior Merchant for Toys for Walmart, meaning she was the "buyer" of (and executive responsible for) the infringing products in this case. Learning Resources believes she lives and works in or around Walmart's worldwide headquarters in Bentonville, Arkansas.

2. On January 28, Walmart provided deposition dates convenient for its counsel and Ms. Latham – but Walmart only proposed dates that were many weeks in the future, in March and April. At the same time, all defendants also were refusing to produce

discoverable documents, forcing Learning Resources to move to compel production of such documents.[1]

3.  The parties eventually agreed to depose Ms. Latham in Arkansas on April 14. But, as we know, events outside of everyone's control forced the indefinite postponement of Ms. Latham's deposition.

4.  On May 15, Learning Resources suggested the parties agree on a new date for Ms. Latham's deposition, as Arkansas and other parts of the nation began to emerge from various "shut-down" orders. On May 18, the parties agreed to reschedule Ms. Latham's deposition for June 30th. Later, on May 25, Walmart objected to conducting this deposition in person.

5.  Learning Resources and its attorneys have been sensitive to health and safety concerns raised by Defendants' counsel. To that end, we proposed compromises. First, we suggested that Mr. McGrath attend the deposition by video. Second, we suggested that Mr. McGrath could attend by video while a Walmart attorney based in Arkansas attends in person in order to address any fairness concerns. (*See* Letter from A. Gollwitzer to W McGrath dated May 29, 2020, attached as Exhibit A.) Mr. McGrath rejected both proposals and filed this Motion but did not inform the Court about Learning Resources' good faith efforts to reach a compromise.

6.  Walmart is the largest company in the United States, and it has numerous attorneys in Arkansas capable of attending this deposition. Indeed, counsel for Learning Resources has deposed three Walmart witnesses in the past 15 months and, in every

---

[1] Walmart only agreed to produce the disputed documents after receiving Learning Resources' Motion to Compel (Dkt. 69), while Playgo never agreed to produce its documents, but was compelled to do so by this Court on April 29, 2020. (Dkts. 97-98.)

deposition, the Walmart witness was represented by Walmart counsel based in Arkansas – specifically, lawyers from the Kutak Rock law firm located just outside of Bentonville. Walmart readily can do the same in this case.

7. In addition, conditions on the ground in Arkansas are much different than in Chicago. The governor has lifted most aspects of the shut-down orders.[2] Life in Arkansas is rapidly returning to business at usual.[3]

8. Moreover, as a matter of law, in-person depositions are the norm in American jurisprudence, and a party is well within its rights to cross-examine an adverse witness face-to-face. *See In re TJX Cos.*, 2008 WL 717890 (D. Kan. 2008); *see also Mattar v. Cmty. Mem. Hosp.* 2005 WL 6486402 (N.D. Ind. 2005) (a party is entitled to see the opposing party face-to-face in order to observe his demeanor in response to questioning). Here, Learning Resources certainly recognizes that we are living in unusual times. Nevertheless, people are returning to work, especially in places like Arkansas. And confronting witnesses is a fundamental part of the truth-seeking process:

> Videoconference proceedings have their shortcomings. '[V]irtual reality is rarely a substitute for actual presence and . . . even in an age of advancing technology, watching an event on the screen remains less than the complete equivalent of actually attending it.' *United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001). The immediacy of a living person is lost' with video technology. *Stoner v. Sowders*, 997 F.2d 209, 213 (6th Cir. 1993). As the court in *Edwards v. Logan*, 38 F. Supp. 2d 463 (W.D. Va. 1999), observed, 'Video conferencing ... is not the same as actual presence, and it is to be expected that the ability to observe demeanor, central to the

---

[2] Over the course of May, all of the following re-opened in Arkansas: hotels, casinos, bars, restaurants, gyms, school-sponsored sports, all types of recreation, summer camps, and churches. See https://arkansasready.com/timeline/

[3] Walmart's headquarters is located within the jurisdiction of the United States District Court for the Western District of Arkansas. That court's most recent general order addressing COVID-19 was issued on May 21. In that order, that court postponed civil trials through July 6, 2020. (*See* W.D. Ark. Administrative Order NO. 2020-5 at ¶ 1.) That order, however, further states the court will reassess the situation in "mid to late June." (*Id.*)

> factfinding process, may be lessened in a particular case by video conferencing. This may be particularly detrimental where it is a party to the case who is participating by video conferencing, since personal impression may be a crucial factor in persuasion.' 38 F. Supp. 2d at 467.

*Perotti v. Quinones*, 790 F.3d 712, 723-24 (7th Cir. 2015) (quoting *Thornton v. Snyder*, 428 F.3d 690 (7th Cir. 2005) (discussing the propriety of video-taped testimony in prisoner civil litigation).

9. Finally, Learning Resources is not asking Mr. McGrath to travel. It is only asking a billion-dollar company to present its most senior executive responsible for the acts leading to this lawsuit in person, with a local lawyer, while Mr. McGrath defends the deposition by video if he so chooses.

[continued on next page]

For the foregoing reasons, Learning Resources respectfully asks this Court to deny Walmart's Motion.

Dated: June 3, 2020

            <u>*/s/ Arthur Gollwitzer III*</u>

            Arthur Gollwitzer III (6225038)
            agollwitzer@michaelbest.com
            MICHAEL BEST & FRIEDRICH LLP
            2700 Via Fortuna, Suite 250
            Austin, TX  78746
            Telephone:  512.640.3161

            Mircea A. Tipescu  (6276053)
            matipescu@michaelbest.com
            Michael D. Bess (6228843)
            mdbess@michaelbest.com
            Carolyn E. Isaac (6324095)
            ceisaac@michaelbest.com
            MICHAEL BEST & FRIEDRICH LLP
            444 West Lake Street, Suite 3200
            Chicago, IL  60601
            Telephone:  312-222-0800

            ***Attorneys for Plaintiff***

# Certificate of Service

I, Arthur Gollwitzer III, an attorney of record in this matter, certify that on June 3, 2020, I caused a copy of the following document:

**Plaintiff Learning Resources' Response to Defendants' Motion for Remote Deposition**

to be filed with the Clerk of the Court of the United States District Court Northern District of Illinois, Eastern Division, by electronic (ECF) filing, which provides service on the following counsel of record:

| | |
|---|---|
| William T. McGrath<br>wmcgrath@davismcgrath.com<br>Melissa Shanahan<br>mshanahan@davismcgrath.com<br>Davis McGrath LLC<br>125 S. Wacker Drive, Suite 1380<br>Chicago, IL  60606<br>*Attorneys for Playgo Toys Enterprises Limited; Sam's West, Inc.; Sam's East, Inc.; Jet.com; Walmart, Inc.* | Richard Z. Lehv<br>rlehv@fzlz.com<br>Fross Zelnick Lehrman & Zissu, P.C.<br>4 Times Square, 17th Floor<br>New York, NY  10036<br>*Attorney for Playgo Toys Enterprises Limited* |

/s/ Arthur Gollwitzer III