**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LEARNING RESOURCES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. **19-CV-00660** |
| | ) | |
| v. | ) | Honorable **Martha Pacold** |
| | ) | |
| **PLAYGO TOYS ENTERPRISES LTD,** | ) | Honorable **Jeffrey Cummings** |
| **SAM'S WEST, INC., SAM'S EAST, INC.,** | ) | |
| **JET.COM, and WALMART INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Learning Resources, Inc. filed this copyright infringement action alleging that the Walmart defendants (Walmart Inc., Sam's West, Inc., Sam's East, Inc., and Jet.Com) and Playgo Toys Enterprises Ltd. violated the Copyright Act of 1976, 17 U.S.C. §101 *et seq.*, by selling play food items intentionally copied from Learning Resources. Learning Resources has noticed the in-person deposition of Ms. Shelley Latham in Fayetteville, Arkansas, for June 30, 2020. Ms. Latham is a Senior Merchant for Toys for the Walmart defendants and was – according to Learning Resources – "the 'buyer' of (and executive responsible for) the infringing products in this case." (Dckt. #101 at 1). The Walmart defendants do not believe that Ms. Latham's deposition should be conducted in-person because of concerns related to the on-going COVID-19 pandemic. Although Playgo agrees that the deposition need not be conducted in-person, Learning Resources insists that it must be. Consequently, the Walmart defendants have filed a motion pursuant to Federal Rules of Civil Procedure 26(c) and 30(b)(4) for the entry of an order requiring that Ms. Latham's deposition be conducted by remote videoconference. The Walmart defendants' motion is granted for the reasons stated below.

1

I. STANDARD

Federal Rule of Civil Procedure 26(c) provides that this Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed.R.Civ.P. 26(c). This Court is vested with "broad discretion to decide when a protective order is appropriate and what degree of protection is required." *Schockey v. Huhtamaki,* 280 F.R.D. 598, 600 (D.Kan. 2012). Federal Rule of Civil Procedure 30(b)(4) authorizes this Court in its discretion to order that a deposition "be taken by telephone or other remote means." Fed.R.Civ.P. 30(b)(4); *Usov v. Lazar,* No. 13 CIV 818, 2015 WL 5052497, at *1 (S.D.N.Y. Aug. 25, 2015); *Graham v. Ocwen Loan Servicing, LLC,* No. 16-80011-CIV, 2016 WL 7443288, at *1 (S.D.Fla. July 1, 2016) ("[C]ourts enjoy wide discretion to control and place appropriate limits on discovery, which includes authorizing depositions to be taken by remote means"). When exercising its discretion, this Court "must 'balance claims of prejudice and those of hardship and conduct a careful weighing of the relevant facts.'" *Usov,* 2015 WL 5052497, at *1, *quoting RP Family, Inc. v. Commonwealth Land Title Ins. Co.,* No. 10 Civ. 1149, 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011).

II. DISCUSSION

The Walmart defendants seek to have Ms. Latham's deposition conducted by remote videoconference based on safety concerns created by the COVID-19 pandemic. In particular, the Walmart defendants' lead counsel (Mr. William McGrath) is in a high-risk category if exposed to COVID-19 due to the fact that he is over 65 years-old. (Dckt. #100-1 at 2). Mr. McGrath's wife and his son-in-law (who lives nearby) are likewise in high risk categories. (*Id.*). The Walmart defendants believe that an unnecessary and unacceptable risk to the health of Mr. McGrath and others will be created if he is forced to fly from Chicago to Arkansas to attend a

deposition in a confined room with other counsel (who will travel from New York City and Austin), Ms. Latham, and a court reporter.  (*Id.*).

For its part, Learning Resources asserts that "in-person depositions are the norm in American jurisprudence, and a party is well within its rights to cross-examine an adverse witness face-to-face." (Dckt. #101 at 3).  Furthermore, while Learning Resources is "sensitive to health and safety concerns raised by Defendants' counsel", it asserts that the "conditions on the ground in Arkansas are much different than in Chicago . . . . because [t]he governor has lifted most aspects of the shut-down orders . . . . [and] [l]ife in Arkansas is rapidly returning to business a[s] usual." (*Id.* at 2, 3).  Finally, Learning Resources insists that its proposed compromise of having Mr. McGrath attend the deposition by video while a Walmart attorney based in Arkansas attends in person would "address any fairness concerns" raised by the Walmart defendants.  (*Id.* at 2).

      **A.**      **COVID-19 related health concerns provide "good cause" for a remote videoconference deposition under the circumstances of this case**

As other courts have recognized, "[t]he President of the United States has declared a national emergency due to the spread of the COVID-19 virus, and the Centers for Disease Control have noted that the best way to prevent illness is to minimize person-to-person contact." *Sinceno v. Riverside Church in City of New York,* No. 18-CV-2156 (LJL), 2020 WL 1302053, at *1 (S.D.N.Y.  Mar. 18, 2020).  To protect Court personnel, the bar, and the public against the severe risks posed by COVID-19, federal courts around the country – including the Western District of Arkansas where Fayetteville is located – have authorized video teleconferencing for a number critical criminal proceedings that had previously been conducted in person and imposed a moratorium on various other court proceedings.  *See, e.g.,* Western District of Arkansas, Admin. Order 2020-3 Use of Video Teleconferencing and Telephone Conferencing During Course of the Covid-19 Pandemic (dated 3/31/20); Western District of Arkansas, Admin. Order

2020-5 Court Operations During the COVID-19 Pandemic (dated 5/21/20). These restrictions, as Learning Resources acknowledges, remain in effect through the present day. (*Id.*; Dckt. #101 at 3 n.3).

The general concern over the risks posed by COVID-19 are heightened in this case for three reasons. First, the Walmart defendants' lead counsel, Mr. McGrath, and members of his family are in a high risk category if exposed to COVID-19. Second, counsel for the parties will be traveling to Arkansas from three areas that have either been COVID-19 "hot spots" (namely, New York City and Chicago) or where COVID-19 hospitalization rates are currently on the rise (Austin). *See* "Austin enters Stage 4 COVID-19 risk-based level after a spike in hospitalizations," KVUE ABC (June 14, 2020) available at: https://www.kvue.com/ article/ news/health/coronavirus/austin-texas-covid19-risk-level-4-hospitalizations-coronavirus/269-8eacb5c4-d441-47d5-a902-3aba79b93317. Finally, notwithstanding the fact that the governor of Arkansas has lifted most aspects of the shut-down orders,[1] "Northwest Arkansas (where Fayetteville is located) is experiencing a surge in community spread of the [COVID-19] virus . . . and has witnessed a significant increase in the number of hospitalized individuals with COVID-19." *See* "Washington Regional official: COVID-19 spike in NWA is a "serious public health emergency," ABC 4029 News (June 11, 2020) available at: https://www.4029tv.com/article/ washington-regional-official-covid-19-spike-in-nwa-is-a-serious-public-health-emergency/ 32831055.

---

[1] As the Southern District of New York recently observed, "[t]he fact that certain jurisdictions are beginning to relax their restrictions, a process based in part on political or economic considerations, does not mean that community spread has ceased or that individuals need not be concerned about potential exposure." *Joffee v. King & Spalding, LLP,* No. 17 Civ. 3392 (VEC) (SDA), Order (6/4/20) (Dckt. #239 at 6) [hereinafter "*Joffee* Order"].

For these reasons, the Court finds that the health concerns created by the COVID-19 pandemic create "good cause" for the entry of an order requiring that Ms. Latham's deposition take place by remote videoconference under the circumstances in this case.[2] *See, e.g., In re RFC & ResCap Liquidating Tr. Action,* No. 013CV3451SRNHB, 2020 WL 1280931, at *3 (D.Minn. Mar. 13, 2020) ("[u]nder the circumstances, COVID-19's unexpected nature, rapid spread, and potential risk establish good cause for remote testimony"); *Joffee* Order ("Plaintiff's proposal requires counsel or witnesses to travel across state lines from disparate places of origin, congregate for several hours in a confined space, and then disperse back to their homes. . . . The burden on witnesses, in the form of potential exposure and infection for them and their families, needs no further elaboration. Indeed, for essentially those same reasons, the Court has not resumed in-person proceedings."); *SAP, LLC v. EZCare Clinic, Inc.,* No. CV 19-11229, 2020 WL 1923146, at *2 (E.D.La. Apr. 31, 2020) ("This court will not require parties to appear in person with one another in the midst of the present pandemic.").

2. **The frustration of Learning Resources' intent to question Ms. Latham in person does not create prejudice sufficient to overcome the risks created by COVID-19 under the circumstances here**

Ms. Latham is seemingly an important witness given her role as the Walmart defendants' "buyer" of the allegedly infringing products in this case. It is certainly understandable that Learning Resources would like to question her face-to-face and this Court recognizes that "a

---

[2] The Court's holding in this case is not tantamount to a finding that concerns raised regarding COVID-19 will *always* suffice to support the entry of an order requiring a remote videoconference deposition. *Cf. Manley v. Bellendir,* No. 18-CV-1220-EFM-TJJ, 2020 WL 2766508, at *3 & n.10 (D.Kan. May 28, 2020) (finding that a remote videoconference deposition was not warranted where defendant asserted that "due to Plaintiff's past substance abuse, his in-person deposition [wa]s necessary to keep Plaintiff focused and efficiently conduct the deposition," "Defendant's need and ability to safely depose Plaintiff in person with the precautions outlined by Defendant outweigh[ed] Plaintiff's general concerns regarding COVID-19," and plaintiff's counsel failed to substantiate her suggestion that she was in a high risk group for contracting the virus).

party's ability to observe a deponent in person does have value." *Usov,* 2015 WL 5052497, at *2. Nonetheless, "remote depositions are a presumptively valid means of discovery" even without the in-person interaction (*Id.* (internal quotation marks omitted)), and many courts have held that remote videoconference depositions offer the deposing party a sufficient opportunity to evaluate a deponent's nonverbal responses, demeanor, and overall credibility. *See, e.g., Id.,* at *2; *Sec. & Exch. Comm'n v. Aly,* 320 F.R.D. 116, 119 (S.D.N.Y. 2017); *Tangtiwatanapaibul v. Tom & Toon Inc.,* No. 117CV00816LGSKHP, 2017 WL 10456190 at *3 (S.D.N.Y. Nov. 22, 2017); *Graham,* 2016 WL 7443288 at *2; *Shockey,* 280 F.R.D. at 602; *Gee v. Suntrust Mortgage, Inc.,* No. 10-CV-01509 RS NC, 2011 WL 5597124 at *3 (N.D.Cal. Nov. 15, 2011).

      Moreover, the cases cited by Learning Resources are inapposite and do not support the proposition that remote videoconference deposition would be inappropriate in this case. Two of the cases[3] concern whether the deponent should be deposed either in-person or through a telephone deposition – which is a clearly less desirable method than taking a deposition through a remote videoconference. *See, e.g., Shockey,* 280 F.R.D. at 602 (the "disadvantages of telephonic depositions . . . do not apply at all, or to the same degree, when the depositions are to be taken via videoconference"); *United States v. One Gulfstream G-V Jet Aircraft,* 304 F.R.D. 10, 17 n.4 (D.D.C. 2014) ("[T]elephonic depositions are disfavored because it is impossible to see the witness's demeanor, watch what documents the witness is reviewing, or monitor who else the witness is talking with"). In the third case, the Seventh Circuit recognized that it was generally more desirable to present testimony at trial in-person rather than through

---

[3] *Mattar v. Cmty. Mem'l Hosp.,* No. 1:04CV95, 2005 WL 6586402 at *1-2 (N.D.Ind. Feb. 18, 2005); *In re: The TJX Companies, Inc., Fair & Accurate Credit Transactions Act (FACTA) Litig.,* No. 07-MD-1853-KHV, 2008 WL 717890, at *2 (D.Kan. Mar. 17, 2008); *see also Clayton v. Velociti, Inc.,* No. 08-2298-CM/GLR, 2009 WL 1033738, at *5 (D.Kan. Apr. 17, 2009) (citing *TJX* for the proposition that "nothing in the Federal Rules of Civil Procedure requires the Court to order that depositions be taken telephonically").

videoconferencing but nonetheless affirmed the district court's decision to force a plaintiff inmate to testify at trial by videoconferencing rather than in-person as he had sought to do. *Perotti v. Quinones,* 790 F.3d 712, 721-25, 729 (7th Cir. 2015).

### 3. Learning Resources' proposal that the Walmart defendants hire additional counsel to represent Ms. Latham at her in-person deposition is unreasonable

Learning Resources asserts that the risk to Mr. McGrath can be averted if the Walmart defendants retain additional counsel in Arkansas to represent Ms. Latham in-person while Mr. McGrath attends the deposition by video. (Dckt. #101 at 2-3). Learning Resources' counsel asserts that Walmart has retained the same local law firm to represent three of its witnesses whom he has deposed within the last fifteen months and it can follow the same procedure in this case. (*Id.*). While the Walmart defendants do not challenge this representation, they do argue that requiring them to "engage additional local counsel unfamiliar with the case to be physically present while Mr. McGrath appears remotely would unnecessarily deprive Walmart of the effective assistance of its current counsel." (Dckt. #100, at 2). The Court agrees. The fact that Walmart voluntarily chose to retain local counsel to represent its witnesses of unspecified importance in other unspecified cases does not automatically mean that it would be fair to order it to retain local counsel in this case. Moreover, as stated above, Ms. Latham appears to be an important witness and an attorney should be thoroughly conversant with the issues in this case to properly represent her during her deposition. It is unreasonable to expect the Walmart defendants to hire new counsel – even counsel who have previously represented Walmart in other litigation – and incur the expense and effort to get them fully up to speed in the next couple of weeks when the option of conducting Ms. Latham's deposition by videoconference is available.

In sum: while the Court is sympathetic to Learning Resources' preference for an in-person deposition, that preference is outweighed by the risks posed by the COVID-19 pandemic and the hardship that the Walmart defendants will likely experience if their lead counsel is unable to be physically present during Ms. Latham's in-person deposition. Consequently, in its discretion, the Court orders that Ms. Latham's deposition take place via remote videoconference. The Court further orders that the Walmart defendants bear any additional costs that are created by use of the videoconferencing format. *See, e.g., Graham,* 2016 WL 7443288, at *2 (imposing videoconferencing costs on the party who successfully moved to have the deposition conducted by videoconference); *Tangtiwatanapaibul,* 2017 WL 10456190 at *4 (same).

## CONCLUSION

For these reasons, the Walmart defendants' motion to require deposition by remote means [Dckt. #100] is granted.

ENTER:

*/s/ Jeff Cummings*

**Hon. Jeffrey Cummings**
**United States Magistrate Judge**

**Dated: June 16, 2020**