UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEARNING RESOURCES, INC., | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 19-cv-00660 |
| v. | ) ) Hon. Martha M. Pacold |
| PLAYGO TOYS ENTERPRISES LTD, | ) Hon. Jeffrey Cummings |
| SAM'S WEST, INC., SAM'S EAST, | ) |
| INC., JET.COM, and WALMART INC. | ) ) |
| Defendants. | ) |

## RESPONSE OF WALMART DEFENDANTS
## TO PLAINTIFF'S MOTION TO COMPEL

The Walmart Defendants have not refused to provide a 30(b)(6) deponent to testify. The dispute is only over **when** the deposition should take place. Counsel for the Walmart Defendants (collectively "Walmart") agreed to present Shelley Latham, Senior Merchant for toys at Sam's Club, for a deposition as the most knowledgeable company representative, even though she has already been deposed by Plaintiff for a full day as a 30(a)(1) deponent. Although some potential dates were exchanged, no date for the deposition was ever agreed upon by the parties. Walmart's position is that the deposition should be scheduled after Judge Pacold rules on the pending Rule 12(c) motion for judgment on the pleadings. (Dkt. 55). Walmart will present Ms. Latham for a 30(b)(6) deposition after there is a ruling, unless Judge Pacold dismisses the case entirely. Plaintiff wants to take the deposition now, irrespective of how a ruling from Judge Pacold may affect the scope of the case, and even though a prior stay on depositions issued by Judge Gilbert (Dkt. 62) remains in place. For the following reasons, the motion to compel is unwarranted and Walmart respectfully requests that it be denied.

**1. Judge Pacold's ruling will impact the scope of the proceedings.** It makes sense to wait for Judge Pacold's ruling on the Defendants' Rule 12(c) motion. That motion has now been fully briefed for exactly one year. It is reasonable to assume that a ruling will be coming in the near future. If Judge Pacold agrees with the Defendants' arguments in the motion, the case could be dismissed entirely or its scope drastically reduced. The motion demonstrates that 11 of the 22 allegedly infringing play food items do not have a copyright registration, which is a prerequisite to a claim for infringement. *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887-889 (2019). As to the remaining toy pieces that were registered, the Plaintiff failed to allege facts plausibly demonstrating that each copyright is valid and infringed. (*See,* Dkt. 54, Mem. in Support of Motion).

The outcome of Judge Pacold's ruling will impact the scope of the remaining proceedings and the amount of any potential recovery. This will affect decisions about the time, expense, and resources devoted to this litigation by all the parties. It is reasonable to wait for Judge Pacold's ruling, as it may result in a more efficient and inexpensive litigation. If Judge Pacold denies the motion, the parties can then select a mutually agreeable date for the deposition.

The comments of Judge Gilbert in his ruling imposing the stay on depositions reinforces the prudence of waiting for Judge Pacold's ruling. He explained that "[i]n my view a ruling on the pending motion for judgment on the pleadings potentially will narrow the claims in the case and certainly will clarify the nature and scope of those claims." (Dkt. 115-1, p.4, Transcript).

Plaintiff argues (Dkt. 115, p.6 fn.4) that even if Judge Pacold grants Defendants' motion, it cannot resolve the case. That is Plaintiff's view, based on the argument that one peapod in the entire play food set qualified for a presumption of validity and thus could not be dismissed. (Dkt. 61, p. 5-6, Joint Submission). Defendants do not agree or concede that the court cannot

dismiss the entire case. (Dkt. 61, p. 2). But if the court's ruling resulted in Plaintiff prosecuting this case over one allegedly infringing peapod, it is doubtful the deposition Plaintiff now seeks would be necessary or proportionate in light of the potential damages recoverable. Again, Judge Gilbert's comments are instructive. In responding to plaintiff's claim that the 12(c) motion would not terminate the entire case, he stated: "I get that. But I think it could change the shape of the case a bit, the exposure in the case, the nature of the case, what kind of discovery should be taken. . . . And I think under these circumstances . . . the parties should see a decision from Judge Pacold before full-scale depositions." (Dkt. 115-1, p.7).

**2. Plaintiff has already engaged in substantial discovery.** While Judge Gilbert stayed all but one deposition while the 12(c) motion was pending, he did allow written discovery to proceed. Plaintiff has vigorously pursued this opportunity, and Walmart has responded to all written discovery. To date, Walmart has produced two waves of ESI document production consisting of many thousands of pages of documents. It has answered interrogatories, and provided two sets of supplemental responses as additional information was determined. It has provided responses to twenty-five requests for admissions. In addition, as permitted by Judge Gilbert's order, Plaintiff deposed Ms. Latham for seven hours in June. Plaintiff also subpoenaed Jessica McReynolds, a former Sam's Club employee, and deposed her for five hours. Playgo has also produced documents, interrogatory answers, and responses to requests for admissions.

In short, Plaintiff is not lacking substantial information from Walmart. The deposition is not essential at the present stage of the case. In fact, much of the information it seeks in the 30(b)(6) deposition is duplicative of the information it already obtained in Ms. Latham's deposition. (*See,* Dkt. 115-3, p.2). Walmart has offered to designate Ms. Latham's prior testimony on the duplicative topics as 30(b)(6) testimony (*id.*), and has worked with Plaintiff's

3

counsel on an understanding on how her 30(b)(6) deposition can proceed without unnecessary duplication. (*See,* Dkt. 115-5, p.1). The recent amendment to Rule 30(b)(6), effective December 1, 2020, imposes additional requirements on parties to meet and confer in good faith about "the matters for examination." This new requirement is intended to avoid overlong lists of matters for examination and will promote proportionality. Knowing Judge Pacold's views on the issues in the case will make that process more effective. It will facilitate streamlining and better achieve the goal of proportionality in discovery.

**3. There is no harm to Plaintiff in awaiting Judge Pacold's ruling.** Nowhere in its Motion or Memorandum in Support does Plaintiff say why it is important to proceed immediately with the 30(b)(6) deposition. Plaintiff has not identified any particular harm in waiting for a ruling that one might reasonably anticipate to be issued in the near future. But even if the motion remains pending for several more months, there is no great efficiency in moving forward with the deposition without a full understanding of the scope of the case. There is no trial date imminent.

Nor has Plaintiff identified any reliance harm. Walmart has not taken the position that it will not produce the witness – this is a dispute only over dates. There has been no order requiring Walmart to produce a 30(b)(6) witness by a certain date. And while there were discussions between counsel about possible dates, no date was ever agreed upon. Plaintiff did not issue a notice of a 30(b)(6) deposition. After the ruling, Walmart will present the witness for a remote video 30(b)(6) deposition, unless Judge Pacold dismisses the case entirely.

**4. Cumulative discovery costs have changed the landscape.** By insisting that the date for the 30(b)(6) deposition be scheduled immediately, Plaintiff is unnecessarily driving up the costs of this litigation. Plaintiff argues that nothing has changed since September when the

parties were trying to find an agreeable date for the deposition. But no date was agreed upon, and since those discussions the discovery landscape has changed. Walmart has spent substantial time collecting and producing additional data relating to sales and costs of goods sold and responding to requests for admissions, all of which added to the expense of the litigation. Properly preparing a 30(b)(6) deponent and defending a full day deposition will add still more. Some or all of these expenses might be avoided, depending on the ruling. The more discovery costs increase, the more hopes for settlement diminish.

As time went on during Fall and the anticipation of a ruling from Judge Pacold increased, common sense dictated waiting for the ruling. The motion before Judge Pacold raises issues that should determine whether this case involves 22 works, 11 works, 1 work, or should be dismissed entirely. This is important because of the copyright concept of "apportionment" of damages – that is, a successful Plaintiff can recover only the profits of an infringer that are "attributable to the infringement" and cannot recover any profits "attributable to factors other than the copyrighted work." 17 U.S.C. §504(b). If the case comes down to the possibility of damages for a single peapod, or even 11 items, in a play food set consisting of 47 items, this will have a significant impact on further proceedings in this case in light of apportionment. In September and after, as discovery proceeded and expenses mounted, it became increasingly clear that the most reasonable way to eliminate guesswork and avoid unnecessary expense is to await the judge's ruling on the Rule 12(c) motion.

If it turns out that the case eventually has to go to trial, the time spent now waiting for Judge Pacold's ruling will be insignificant and have caused no harm to the Plaintiff, especially when compared to the potential benefits of waiting a while longer for the certainty of a ruling that will establish the scope of the case and possibly facilitate a resolution.

For the foregoing reasons, the Walmart Defendants request that the motion to compel be denied.

Respectfully submitted,

Dated: December 9, 2020

*/s/ William T. McGrath*
William T. McGrath
wmcgrath@davismcgrath.com
Davis McGrath LLC
125 S. Wacker Drive, Suite 300
Chicago, IL 60606

*Attorneys for*
*Sam's West, Inc.; Sam's East, Inc,;*
*Jet.com; Walmart, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that a true and correct copy of the foregoing document was filed on December 9, 2020 with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Carolyn E. Isaac  ceisaac@michaelbest.com

Arthur Gollwitzer agollwitzer@michaelbest.com

*Counsel for Plaintiff*

/s/ William T. McGrath
William T. McGrath
*Counsel for Walmart Defendants*
*Co-Counsel for Playgo*